# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RUDOLPH WILLIAM RIVERA,<br><br>    Petitioner,<br><br>vs.<br><br>JAMES GREGORY COX, et al.,<br><br>    Respondents. | Case No. 2:15-cv-00221-GMN-GWF<br><br>**ORDER** |

Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4), respondents' motion to dismiss (ECF No. 7), petitioner's opposition (ECF No. 15), and respondents' reply (ECF No. 16). Petitioner has not exhausted his state-court remedies for any of his grounds for relief, and the court grants the motion.

Pursuant to a plea agreement, petitioner was convicted of attempted lewdness with a child under the age of 14. Ex. 15 (ECF No. 8-15). Petitioner did not appeal. Petitioner did file two nearly identical motions for credit against his sentence and amended judgment of conviction. Ex. 17 (ECF No. 8-17), Ex. 19 (ECF No. 8-19). The state district court denied them both. Ex. 20 (ECF No. 8-20), Ex. 24 (ECF No. 9-3). Petitioner did not appeal the denial of the first motion. Petitioner appealed the denial of the second motion. The Nevada Supreme Court held that the second motion should have been construed as a post-conviction habeas corpus petition. As such, it was barred as a second or successive petition under Nev. Rev. Stat. § 34.810 because petitioner's first motion was denied on the merits. Ex. 39 (ECF No. 9-18). Petitioner then commenced this action.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Respondents correctly note that petitioner has not exhausted any of his grounds for relief in the amended petition. In his two motions for credit against his sentence, petitioner argued only that the state district court granted him an incorrect amount of credit for time spent in pre-sentence confinement. Petitioner did not present to the state courts any of the grounds that he raises in the amended petition (ECF No. 4).

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

Respondents have filed a motion for leave to file exhibit under seal (ECF No. 10). The exhibit in question is the presentence investigation report in petitioner's case. Because the information in the report is confidential and sensitive, the court grants this motion.

Petitioner has filed a motion for appointment of counsel (ECF No. 12). The court finds that appointment of counsel is not warranted, and the court denies the motion.

Petitioner has filed a motion for leave to file extension (ECF No. 13), and respondents have filed a non-opposition (ECF No. 14). Petitioner already has filed his opposition to the motion to dismiss (ECF No. 15), and the court grants the motion nunc pro tunc.

IT IS THEREFORE ORDERED that respondents' motion for leave to file exhibit under seal (ECF No. 10) is **GRANTED**.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 12) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for leave to file extension (ECF No. 13) is **GRANTED** nunc pro tunc

1   IT IS FURTHER ORDERED that respondent's motion to dismiss (ECF No. 7) is
**GRANTED**.  This action is **DISMISSED** for petitioner's failure to exhaust his available state-court remedies.  The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: August 10, 2016

_____
Gloria M. Navarro, Chief Judge
United States District Court